FNU SAHIL, A201-756-071
Detention Center
560 Gum Sprint Road, Winnfield, LA 71483,
(318) 992-1600.
nlawoffice@gmail.com
Petitioner, *In Pro Per*

UNITED STATES DISTRICT COURT
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130, (504) 589-7650

| | |
|---|---|
| FNU SAHIL<br>( A201-756-071)<br>          Petitioner,<br><br>vs.<br><br>SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY (DHS); U.S. ATTORNEY GENERAL; DIRECTOR OF IMMIGRATION & NATURALIZATION SERVICE (USCIS),<br><br>          Respondents | Civil Case No.:<br>**19-14735**<br>**SECT. I MAG. 1**<br><br>PETITIONER'S ORIGINAL<br>COMPLAINT FOR WRIT IN THE<br>NATURE OF MANDAMUS |

RENDERED FOR FILING
DEC 20 2019
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

COMES NOW **FNU SAHIL**, petitioner, an *alien detainee*, in the above-styled and numbered case, and for cause of action would show unto the Court to following:

The *mandamus* proceeding seeks *writ to compel action* on a man's ASYLUM credible fear determination by "Director" of United States Citizenship and Naturalization Service (**USCIS**), c/o DHS 2424 Edenhorn Ave., Metarie, LA 700001, or ERO, 1250 Poydras, Suite 325, New Orleans, LA, 70113 Phone: (504) 599-7800, NewOrleans.Outreach@ice.dhs.gov.

1.  Respondent has improperly withheld decision, pursuant to **8 C.F.R. § 235.3(b)(4)(ii)** to **reconsider negative credible fear finding** of persecution to

---
PETITION FOR WRIT OF MANDAMUS

claim asylum inconsideration of attached corroborating affidavits, marked and attached hereto as **Exhibit A**, which was properly executed and filed by petitioner.

2. Absent **favorable or positive credible fear finding** of persecution by USCIS Director, petitioner is **neither bondable**, nor *eligible to file* his asylum application I-589 with Immigration Judge, but subject to immediate **expedited physical removal** to India.

3. USCIS asylum officer's finding of negative credible fear finding is predicated on just significant possibility (**10% or less**) of persecution, is solely caused by timely discovery and corroboration of petitioner's testimony under oath before the asylum officer during custodial interrogation under duress. Ordinarily, an **asylum petitioner's** testimony *alone* may satisfy the burden of proving eligibility for asylum, but only if the testimony *"is credible, is persuasive, and refers to specific facts sufficient to demonstrate that applicant is [entitled to relief]."* **8 U.S.C. § 1158(b)(1)(B)(ii).** U.S. Code allows asylum seeker to corroborate if deemed **less than credible**. Furthermore, asylum officer's *negative* credible finding does not provide *"specific, cogent reasons for disbelieving the witness'[s] testimony." Elzour v. Ashcroft*, 378 F.3d 1143, 1152 (**10th Cir**. 2004) (internal quotation marks omitted). Asylum officer was too quick to fail petitioner on credible fear finding, without giving petitioner opportunity or a month to obtain corroborating affidavits from India.

4. Petitioner has now obtained attached newly discovered corroborating evidence which speaks for itself. Any reasonable screening asylum officer should find **positive credible fear** in consideration of attached corroborating affidavits, with more than 10% probability of persecution on removal. After petitioner is released from custody, Immigration Judge may find petitioner has *clear probability of persecution* (51%) to grant petitioner withholding of removal under **INA § 241(b)(3), based on full and fair 5th Amendment removal hearing** where petitioner may testify under oath and present attached corroborating affidavits to redeem his asylum claim.

5. Respondent is generally charged with enforcement of the Immigration and Nationality Act (**INA**), and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security, and its Director,

6. Petitioner is detained at **La Palma Detention Center, Eloy, AZ** 85131, for entering USA without inspection (his only crime), from Mexico, but born in India. Soon after entry, USCIS asylum officer initially assigned petitioner Alien number but found petitioner to *lack credible fear of persecution*, during custodial interrogation under duress, **without petitioner's counsel present, with** the assistance of language interpreter, as petitioner does not speak or understand English. Answers and questions are available from

7. USCIS Director's Asylum officer's finding that petitioner lacks <u>credible fear</u> or **significant possibility (10% or more)** of persecution on removal to India, is largely because petitioner did not have corroborating affidavits to substantiate his asylum testimony under oath before the asylum officer.

8. Next, Immigration Judge in **Eloy, AZ**, affirmed **negative credible fear** finding by asylum officer, to enter **Order of Removal**, by depriving petitioner an opportunity to discover and present affidavits from India to corroborate his testimony with official records from his minority Political Party to certify his political membership and activities for minority political party, and Doctor Certificate about his injuries caused by ruling political party members whi petitioner refused to join and support instead.

9. Next, petitioner hired an attorney to file petition for review of removal order, and obtain **Order to Stay** Removal, pending review, from the U.S. Court of Appeals for the 5th Circuit. **The 5th Cir. Stay Order** gave petitioner time to discover and get attached corroborating affidavits from India, even though USCIS asylum officer as well as the immigration judge did not give petition such time (continuance) in order to expedite his removal, depriving petitioner of 5th Amendment procedural due process right to **fair asylum hearing**.

10. Next petitioner's 5th Cir. attorney for FNU SAHIL helped with discovery and

3

**PETITION FOR WRIT OF MANDAMUS**

obtained official records from petitioner's minority political party and doctor in India, to corroborate his asylum claim. *See* **Exh.**

11. **Petitioner contends** that his detention, lack of opportunity to timely engage an immigration attorney who spoke petitioner's language, lack of money to call India, **prevented petitioner to discover Corroborating Affidavits** from his political party and doctor to substantiate his asylum claim to the satisfaction of asylum officer or immigration judge who were **too quick to enter expedited removal order, without eliciting sufficient details** about his asylum claim under totality of circumstances, **depriving** petitioner of right to *fair credible fear hearing* under **the 5th Amendment procedural due process.**

12. **Jurisdiction** in this case is proper under **28 USC §§1331 and 1361**, 5 U.S.C. §701 *et seq.*, and **28 U.S.C. §2201** *et seq*. Relief is requested pursuant to said statutes.

13. **Venue** is proper in this court, pursuant to 28 USC §1391(e), in that this is an action **against officers and agencies of the United States** in their official capacities, brought in the District where the petitioner resides and where a substantial part of the events or omissions giving rise to petitioner's claim occurred. More specifically, Petitioner's application for ASYLUM – Form I-589- comprised set of questions by USCIS asylum officer about petitioner's political activities to immediately help Haryana Farmers access Punjab Sutlej River, petitioner's injuries or persecution caused by ruling political party members, for petitioner's failure to leave his minority political party and join/support the ruling political party in India. To Petitioner's knowledge, **credible fear redetermination** by USCIS asylum officer in consideration of the newly-discovered attached corroborating Certificates (as official records) in **Exhibit** from his Political Party and Doctor, remains undecided are still pending with the Arlington Office of USCIS, where the asylum officers are located.

14. **EXHAUSTION OF REMEDIES**: Petitioner has exhausted his administrative remedies. Petitioner has, through his attorney and local Congressman, made

numerous inquiries concerning the status of the credible fear redetermination for petition's I-589 asylum claim, but **to no avail.** *See* **Exh.**

## CAUSE

15. Petitioner is over 21, native and citizen of India. Petitioner entered the United States without inspection from Mexico border, was detained by ICE in Eloy, AZ, at LaPalma Detention Center, since unlawful entry, his **only crime**, seeking political asylum.

16. Petitioner is *prima facie* eligible for asylum claim, based on **reasonable consideration** of the corroborating affidavits by his political party and doctor, in **Exh. A**, which indicate **irreparable harm** is more likely than not to petitioner on removal from USA by ruling Govt. Political Party in India, because petitioner intends to remain active in his minority political party, as his only mode of survival.

17. USCIS Director's asylum officer did receive Petitioner's **corroborating** affidavits which show a clear probability of persecution.

18. Petitioner is still in detention in Eloy, Az, for over six months, awaits fair and favorable decision of USCIS asylum officer, in consideration of the corroborating affidavit, attached hereto and marked as group **Exhibits**..

19. **Petitioner's relatives, his COUSIN(S)**, are in the USA, some well established and some seeking asylum, and have sought assistance of counsel to expedite decision by USCIS asylum officer on credible fear finding by consideration of the newly discovered corroborating affidavits, in Exh. A, pursuant to **8 C.F.R.§235.3(b)(4)(ii), because favorable or positive finding of credible fear would let petitioner seek asylum and bond and work in USA without further persecution, instead of expedited physical removal to face fear of getting killed in India,** *where petitioner will resume his political activities.*

20. In **Exh.** corroborating affidavits clearly show that petitioner escaped death, while some of his **co-workers were killed** by ruling party members, for refusal to support and join the ruling political party in place of his minority

political party, which **advocated equal access to Punjab river water for Haryana farmers**.

21. Petitioner had no alternative but, at the suggestion of some immigration judge, file the instant petition for writ of mandamus, to avoid irreparable harm to petitioner on immediate physical exclusion from USA for next 10 years, causing physical separation, extreme hardship to his family relatives in USA.

### PRAYER

WHEREFORE, in view of the arguments and authority noted herein, Petitioner respectfully pray that the Respondent be Ordered to render its positive credible fear finding on the corroborating affidavits to permit pursuit of file for asylum claim before an immigration judge, in addition to bond order for release, or grant such other relief at law and in equity as justice may require. After positive credible fear finding, petitioner will purse asylum claim before immigration judge near his relative's address where he will reside as a fixed address while in USA. To save detention cost, asylum seeker like petitioner prays that the Respondent be Ordered to Parole petitioner, pursuant to attached similar federal judge order. *See* 1:19-cv-01593-JEB, also attached..

Date: **11/22/2019**

Respectfully submitted,

\*

FNU SAHIL, **A201-756-071**
Petitioner, *In Pro Per*
nlawoffice@gmail.com
Detention Center
560 Gum Sprint Road,
Winnfield, LA 71483,
(318) 992-1600,

## LIST OF ATTACHMENTS

| Exhibit | Description |
|---|---|
| A | **Letter to USCIS, Director** to reconsider negative credible fear Finding, with attached **Corroborating Affidavits** to substantiate his Asylum Claim |
| B | **Immigration Judge** Expedited **Removal Order, Jena, LA** |
| C | Country Conditions, other evidence of persecution |
| D | Proof of Service |

1  FNU SAHIL, A201-756-071
   Detention Center
2  560 Gum Sprint Road, Winnfield, LA 71483,
   (318) 992-1600,
3  nlawoffice@gmail.com FNU SAHIL, A201-756-071

**19-14735**

**SECT. | MAG. 1**

USCIS Director, Asylum Office, 800-375-5283

c/o ERO NEW ORLEANS FIELD OFFICER,

1250 Poydras Suite 325 New Orleans, LA, 70113 Phone: (504) 599-7800,

NewOrleans.Outreach@ice.dhs.gov

| | |
|---|---|
| *IN THE MATTER OF* | ) No. A201-756-071 |
| FNU  SAHIL | ) |
| (Born, India) | ) REQUEST TO **RECONSIDER** |
| | )    **CREDIBLE  FEAR FOR**  ASYLUM |
| | )    Under  8 C.F.R.§ 235.3(b)(4)(ii) |
| Respondent | ) |
| _____ | ) *Date* |

Respondent, detained at Adelanto, CA, through undersigned counsel, request that USCIS **reconsider its negative credible fear** determination under 8 C.F.R.§2353(b)(4)(ii), because respondent still expresses credible fear of persecution on account of political opinion on expedited removal to India.

USCIS asylum officer has <u>sole discretion</u> to review newly discovered attached  corroborating  affidavits from his minority party, and doctor, etc., to reconsider credible fear finding, because respondent's **expressed fear** after his **co-workers had been killed** by ruling party activists, for failure to join/support ruling party.

TENDERED FOR FILING

DEC 20 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

8

PETITION FOR WRIT OF MANDAMUS

The U.S. District Court may become **cost prohibitive** for the *alien detainee* since U.S. entry to seek *writ of mandamus* for such reconsideration by USCIS Director to review and decide on attached evidence. Such corroborating affidavits were **not available** to asylum officer or immigration judge to quickly affirm **expedited removal order, as they refused** respondent SAHIL **continuance** to discover and obtain such corroborating affidavits, in violation of due process.

Ordinarily, an asylum applicant's testimony *alone* may satisfy the burden of proving eligibility for asylum, but only if the testimony *"is credible, is persuasive, and refers to specific facts sufficient to demonstrate that applicant is [entitled to relief]."* 8 U.S.C. § 1158(b)(1)(B)(ii). U.S. Code allows alien to corroborate if deemed less than credible. Furthermore, asylum officer's *negative* credible finding does not provide *"specific, cogent reasons for disbelieving the witness'[s] testimony."* Elzour v. Ashcroft, 378 F.3d 1143, 1152 (**10th Cir.** 2004) (internal quotation marks omitted).

**Fifth Amendment** procedural due process right to fair determination of credible fear under changed country conditions before physical removal **warrants favorable determination** of positive credible fear based on attached corroborating affidavits, for respondent to have a chance to be in regular **removal proceedings** before an immigration judge in Adelanto, CA for **asylum claim and bond**.

USCIS asylum credible fear finding is predicated on just reasonable possibility (**10%**) of persecution. Attached evidence speaks for itself. Any reasonable screening asylum officer should find credible fear in consideration of corroborating affidavits, with more than 10% probability of persecution on removal. Immigration Judge may later find *clear probability of persecution* (51%) to grant respondent SAHIL withholding of removal under **INA § 241(b)(3)**.

Date: **11/02/18**

_[signature]_

**FNU SAHIL, A201-756-071**
Detention Center
560 Gum Sprint Road,
Winnfield, LA 71483,
(318) 992-1600,
nlawoffice@gmail.com

10

PETITION FOR WRIT OF MANDAMUS